# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA HANDLE : | |
| : | Civil Action No. 15-8071 (BRM) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| MEGAN J. BRENNAN and UNITED : | |
| STATES POSTAL SERVICE, : | |
| : | |
| Defendants. : | |

This matter comes before the Court upon Defendants Megan J. Brennan and United States Postal Service's ("Defendants") motion to file an amended answer (Docket Entry No. 18) to Plaintiff Victoria Handle's ("Plaintiff"), complaint. Plaintiff opposes Defendants' motion (Docket Entry No. 37). The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendants' motion. The Court considers Defendants' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendants' motion to file an amended answer is GRANTED.

**I.       Background and Procedural History**

This case arises out of Plaintiff's employment with the Postal Service (Pl.'s Compl. at ¶1). Plaintiff alleges that she was repeatedly the victim of sex and age discrimination during her employment with the United States Postal Service. (*See* Pl.'s Compl.). Plaintiff also asserts a claim alleging illegal disclosure of confidential medical information in violation of the Americans with Disabilities and Rehabilitation Act. (Id. at 10). In addition, Plaintiff asserts that she was retaliated against on numerous occasions due to her filing of complaints and affidavits with the Equal Employment Opportunity Commission. (Id. at 12).

On November 13, 2015, Plaintiff filed a complaint against Megan J. Brennan and United States Postal Service alleging sex discrimination, age discrimination, illegal disclosure of confidential medical information in violation of the Americans with Disabilities and Rehabilitation Act, and retaliation. (Docket Entry No. 1). On June 8, 2016, the Court entered default against Defendants, and Defendants filed an answer to Plaintiff's complaint while in default on July 27, 2016. (Docket Entry No. 8). The Court vacated the entry of default at Defendants' request on December 20, 2016 and entered a new scheduling order. (Docket Entry No. 15). The scheduling order states that any motion to amend the pleadings must be filed by March 10, 2017. (Docket Entry No. 14).

On March 10, 2017, Defendants filed the instant motion to amend their answer to the complaint. (Docket Entry No. 18).

**A. Defendants' Motion to Amend the Answer**

Defendants seek to amend their answer to "(1) assert seventeen additional defenses, all of which were identified in defendants' discovery responses of January 17, 2017; (2) include an introductory clause, prior to the assertion of the defenses stating that '[s]eparately and affirmatively, defendants allege that:'; and (3) insert a sentence, after the paragraph by paragraph response, stating that '[d]efendants deny each and every factual allegation contained in the Complaint except as expressly admitted or qualified herein'". (Defs.' Br. in Supp. of Mot. at 2).

Defendants argue that the amendment of the answer is in accordance with the present schedule that the Court set out on December 20, 2016, requiring that any motion to amend be filed by March 10, 2017 and made returnable April 3, 2017. (Id. at 10). Furthermore, Defendants state that "the seventeen defenses defendants seek to add were identified in defendants' responses to interrogatories, provided to plaintiff of January 17, 2017." (Id.). Defendants

responded to Plaintiff's Interrogatory 21- where they were asked to set forth all defenses that they planned to assert- with the seventeen defenses they would like to include now in their amended answer. (Id. at 5). Additionally, Defendants also argue that Plaintiff will not be prejudiced because sufficient notice of the defenses was given to Plaintiff after new counsel entered. (Id. at 10). Moreover, Defendants note that "more than sufficient time exists for the parties to explore all asserted defenses in fact discovery and the defenses, which are not novel, are of the kind that one should expect in an employment discrimination case of this type, as are the two additional sentences or partial sentences defendants seek to add." (Id.).

Finally, Defendants argue that they have not delayed the case, exhibited bad faith or dilatory motives since the Court lifted the entry of default and issued a new scheduling order on December 20, 2016. (Id.) Defendants state that their motion to amend the answer is meant to reconcile the original answer's defenses with the defenses from the Defendants' interrogatory responses. (Id. at 10-11).

### B. Plaintiff's Opposition

Plaintiff argues that Defendants' motion to amend their answer would be unduly prejudicial to Plaintiff. (Pl.'s Br. in Opp. of Mot. at 1). Plaintiff states that "Defendants intend to bootstrap their motion for judgment on the pleadings to their proposed amended answer" (Id. at 2). Plaintiff further argues that Defendants could have raised these defenses in their original answer because the factual basis has not changed between the filing of the complaint on November 13, 2015 and when Defendants moved to file an amended answer on March 8, 2017. (Id.). Plaintiff states that "it is entirely inexplicable and inexcusable that these defenses were not raised earlier." (Id.).

In addition, Plaintiff argues that Defendants filed their original answer to the complaint

four months late, so they had enough time before filing their answer to consider any defenses they felt were appropriate to assert. (Id.). Furthermore, Plaintiff notes that the case has been in litigation for more than eighteen months and has progressed on the basis of the claims in Plaintiff's complaint and Defendants' original answer. (Id.). Plaintiff argues that it is improper and unduly prejudicial for Defendants to seek to introduce new defenses that they have been fully aware of since the start of the litigation. (Id.).

### C. Defendants' Reply

First, Defendants note that after Plaintiff obtained an extension for the filing of any opposition to the motion to amend to April 3, 2017, Plaintiff's response in opposition was not filed until May 25, 2017[1] (Defs.' Reply Br. at 2). Defendants articulated the standard of review for a motion to amend when undue prejudice and delay is alleged: "[t] o establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." (Id. at 4). Defendants argue that Plaintiff's claims of prejudice are unsupported because Plaintiff fails to show that the amendment would require significant additional resources to conduct discovery and prepare for trial, delay the resolution, or somehow prejudice Plaintiff in any other way. (Id. at 5).

Defendants assert that sufficient notice was given to Plaintiff of the additional defenses. (Id.). Defendants note that these defenses are typical in an employment discrimination case similar to the one at hand. (Id.). Defendants' position is that the parties will have sufficient time

---

[1] The Court received a letter explaining the late filing of the opposition from Plaintiff on June 30, 2017 and will consider Plaintiff's opposition.

4

to explore the defenses assuming that the Court grants a reasonable extension for fact discovery.[2] (Id.). Additionally, Defendants argue that Plaintiff asserts a delay in raising the defenses, but does not show that the delay caused actual prejudice. (Id. at 6). Defendants also argue that the delay is not as significant as Plaintiff suggests, and that the motion to amend was filed fourteen months after the complaint, and seven and one half months after the filing of the initial answer. (Id. at 6-7). Moreover, Plaintiff was given notice of the additional defenses before Defendants filed the motion to amend due to Defendants' responses to Plaintiff's interrogatories on January 17, 2017, seven weeks before the motion was filed. (Id.).

Defendants also argue that Plaintiff would not be prejudiced by the amendment to the answer due to a relationship between the pending motion for judgment on the pleadings to the motion to amend. (Id. at 8). Defendants state that "plaintiff had notice, since at least the time of defendants' answer, that defendants would pursue arguments/defenses connected to plaintiff's failure to properly exhaust administrative remedies." (Id. at 9).

## II. Analysis

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.) However, where there is an absence of undue delay, bad faith, prejudice or futility[3], a motion for leave to amend a pleading should be

---

[2] Since the filing of this motion, fact discovery has already been extended to September 30, 2017. [Docket Entry No. 46.]
[3] Plaintiff does not allege the amendment is futile.

liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

Defendants' original Answer included the following Separate Defenses:

**First Separate Defense**
The Court lacks subject matter jurisdiction because plaintiff failed to properly exhaust administrative remedies.
**Second Separate Defense**
The Complaint fails to state a claim upon which relief can be granted because plaintiff failed to properly exhaust administrative remedies.

(Docket Entry No. 8 at 3).

In the proposed Amended Answer, the Defendants seek to add the following seventeen defenses:

**Third Separate Defense**
Plaintiff has failed to properly exhaust her administrative remedies/comply with applicable time periods.
**Fourth Separate Defense**
Plaintiff was not subjected to any form of prohibited discrimination or retaliation.
**Fifth Separate Defense**
Legitimate and non-discriminatory reasons supported all of defendants' decisions/actions relative to plaintiff.
**Sixth Separate Defense**
Defendants did not unlawfully disclose confidential medical information of plaintiff.
**Seventh Separate Defense**
Plaintiff is unable to meet her burden of establishing pretext.
**Eighth Separate Defense**
Plaintiff was not subjected to a hostile work environment.
**Ninth Separate Defense**
Plaintiff cannot establish her claims.
**Tenth Separate Defense**
Plaintiff's lawsuit fails to state a claim.
**Eleventh Separate Defense**
Subject matter jurisdiction is lacking as to some or all of plaintiff's claims.
**Twelfth Separate Defense**
None of the treatment afforded plaintiff constitutes prohibited discrimination.
**Thirteenth Separate Defense**
Plaintiff is not entitled to punitive or compensatory damages.

**Fourteenth Separate Defense**
Some or all of plaintiff's claims are moot.
**Fifteenth Separate Defense**
Some or all of plaintiff's claims are barred because they did not amount to an adverse personnel action.
**Sixteenth Separate Defense**
Plaintiff is not entitled to an award of attorney's fees and costs.
**Seventeenth Separate Defense**
Plaintiff failed to mitigate her damages.
**Eighteenth Separate Defense**
Plaintiff suffered no compensable damages.
**Nineteenth Separate Defense**
Some or all of plaintiff's claims are barred by the statute of limitations.

(Docket Entry No. 18-3 at 6-8.)

Plaintiff alleges that it would be prejudiced if the Defendants were permitted to add the additional defenses and cites to cases in which courts have found that answers should be stricken due to undue delay and the necessity of additional discovery. *Oy Tilgmann, AB v. Sport Pub. International, Inc.*, 110 F.R.D. 68, 70 (E.D. Pa. 1986) and *Regent Nat'l Bank v. Dealers Auto. Planning*, No. 96-7930. 1998 U.S. Dist. LEXIS 20122, *13-14 (E.D. Pa. Dec. 14, 1998). But Plaintiff fails to demonstrate that the delay in seeking to amend was undue or how specifically she is prejudiced by the addition of the defenses.

To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.

7

*Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Plaintiff cannot simply claim prejudice without a showing to support the assertions being made.

Assuming, however, that Plaintiff's contention is that the proposed defenses would require more time and discovery, the Court is hard pressed to determine so. It is more likely that the discovery necessary to address the allegations in the Complaint (sex discrimination; age discrimination; illegal disclosure of confidential medical information; retaliation) as well as the original Defenses raised in Defendants Answer (failure to exhaust administrative remedies) would overlap with discovery that would be necessary to address the additional defenses proposed by the Defendants. The Court finds that permitting Defendants to add the additional defenses, given their nature, would not result in additional expense or delay. Plaintiff has failed to demonstrate otherwise.

The Court finds that there was no undue delay, bad faith or dilatory motive by Defendants. Defendants filed their motion to amend on March 10, 2017 in accordance with the Court's scheduling order from December 20, 2016. There is no evidence that Defendants proceeded in bad faith or with a dilatory motive or that Plaintiff would be prejudiced by the Defendants' proposed amended answer.

## III. Conclusion

For the reasons set forth above, Defendants' Motion to Amend is GRANTED. An appropriate Order follows.

Dated: August 11, 2017

                                                      s/ Tonianne J. Bongiovanni
                                                      **HONORABLE TONIANNE J. BONGIOVANNI**
                                                      **UNITED STATES MAGISTRATE JUDGE**