<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

—————————————————————————— :
                                        :

VICTORIA HANDLE,                      :

                                      :

                      Plaintiff,        :       Civ. Action No. 15-8071-BRM-TJB

                                        :

      v.                                 :

                                      :                **OPINION**

MEGAN J. BRENNAN, POSTMASTER   :

GENERAL, UNITED STATES         :

POSTAL SERVICE, and           :

UNITED STATES POSTAL SERVICE   :

                                        :

                     Defendants.     :

—————————————————————————— :

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is Defendants Megan J. Brennan, Postmaster General of the United States

Postal Service ("Brennan"), and the United States Postal Service's ("USPS") (collectively,

"Defendants") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure

12(c), or Alternatively, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56.

(ECF No. 21.) Plaintiff Victoria Handle ("Handle") opposes the motion. (ECF No. 39.) For the

reasons set forth below, Defendants' motion (ECF No. 21) is **GRANTED**.

     **I.**     **PROCEDURAL AND FACTUAL BACKGROUND**

      For the purposes of this motion, the Court accepts the factual allegations in the Complaint

as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws

all inferences in the light most favorable to Handle. *In re Burlington Coat Factory Sec. Litig.,* 114

F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008);

1

*see Newton v. Greenwich Twp.*, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) ("The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6).")." Courts may also consider public records, including prior court decisions, letter decisions of government agencies, and published reports of administrative bodies. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (citations omitted).

## A. Handle's Allegations

In this case, Handle asserts age and gender discrimination claims arising from her employment with USPS, where she has worked since April 14, 1984. (Compl. (ECF No. 1).) Handle worked as a supervisor of distribution operations at a USPS facility in Eatontown, New Jersey from 1984 until 2012. (*Id.* ¶ 3.) At some time in 2010 or 2011, Mary Ducey ("Ducey") became Handle's supervisor, and, Handle alleges, began discriminating against Handle due to her gender. (*Id.* ¶ 4.) Handle claims USPS needed to reassign one of the five supervisors at the Eatontown facility to a facility in Trenton, and Handle contends Ducey told her she would have to be transferred. (*Id.* ¶ 5.) Handle alleges Ducey transferred her because she was the only female among the five supervisors, despite the fact she had the most seniority of the supervisors. (*Id.* ¶ 6.) Handle states she was "upset" when she learned of the transfer, but she claims Ducey falsely reported to the Postal Police that Handle was suicidal and a threat to herself and others. (*Id.* ¶ 7.) Handle alleges she was required to leave work and spend several hours in the hospital due to Ducey's report. (*Id.*) Handle further alleges Ducey told other USPS employees Handle had been hospitalized and had suffered a nervous breakdown, and also disclosed confidential medical information concerning Handle. (*Id.* ¶ 9.)

On September 26, 2012, Handle transferred to the Trenton facility. (*Id.* ¶ 10.) Handle alleges her vacation schedule was changed over her protests, and a less experienced male employee received the schedule she had requested. (*Id.*) Handle claims she experienced pain and suffering due to the transfer. (*Id.*) Handle alleges her new supervisor, Yvette Jackson, harassed her due to the fact Handle had filed the EEO Complaint by issuing baseless reprimands and warning letters. (*Id.* ¶¶ 10-11.) Handle contends Jackson harassed her because she is a woman, is over the age of forty, and had filed an EEO Complaint. (*Id.* ¶ 12.)

**B.  Administrative Proceedings**

On August 21, 2012, Handle filed an Information for Pre-Complaint Counseling (Decl. of David F. Corrigan, Esq. in Opp'n to Ds.' Mot. for J. on the Pleadings ("Corrigan Decl.") (ECF Nos. 39-2 and 41-1), Ex. A.)[1] On November 6, 2012, USPS issued a Notice of Right to File, which informed Handle she had the right to file a formal complaint. (*Id.*, Ex. B.) On December 18, 2012, Handle filed her formal EEO Complaint of Discrimination, which she later amended three times. (*Id.*, Exs. C, E, F, & G.) USPS accepted twelve issues for investigation. (*Id.*, Exs. E, F, and G.) The twelve issues accepted for investigation were: (1) Handle's selection for transfer from the Eatontown facility; (2) Ducey's report of Handle to the police, which led to Handle's hospitalization, and disclosure of Handle's medical information to other employees; (3) Handle's placement on Emergency Placement status; (4) management's refusal to reinstate Handle when she was cleared to return to work; (5) management's public embarrassment of Handle on two separate instances; (6) denial of Handle's requests for leave on Mother's Day and Easter; (7)

---

[1] Exhibits D, E, F, G, Q, R, and S of the Corrigan Decl. are filed under ECF No. 39-2, and Exhibits A, B. C. H, I, J, K, L, M, N, O, and P are filed under ECF No. 41-1. For consistency, the Court cites to "Corrigan Decl." without reference to the corresponding electronic filing document number.

management subjecting Handle to four pre-disciplinary interviews; (8) Handle was not granted interviews for positions to which she applied; (9-12) Handle was issued four separate warning letters for delays of mail. (*Id.*, Ex. G.)

On November 6, 2013, USPS issued a Final Agency Decision, which rejected all of Handle's claims of discrimination, retaliation, and disclosure of confidential medical information. (*Id.*, Ex. K.) On November 15, 2013, Handle appealed the Final Agency Decision to the Equal Employment Opportunity Commission Office of Federal Operations ("EEOC OFO"). (*Id.*, Ex. L.) On June 10, 2015, the EEOC OFO issued a decision affirming the Final Agency Decision in part and reversing in part. (*Id.*, Ex. M.) Specifically, the EEOC OFO reversed the Final Agency Decision on the second issue—the disclosure of Handle's medical information—and remanded the case to USPS. (*Id.*) On August 19, 2015, USPS issued a second Final Agency Decision in which it awarded Handle $1000.00 in non-pecuniary compensatory damages for the disclosure of her medical information. (*Id.*, Ex. O.) On September 17, 2015, Handle appealed the second Final Agency Decision, and on March 10, 2016, the EEOC OFO dismissed her appeal because this lawsuit was pending. (*Id.*, Exs. P & Q.)

### C. Proceedings in this Lawsuit

On November 13, 2015, Handle filed the Complaint in which she asserts four claims: (1) a claim for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E, *et seq.* (Count One); (2) a claim for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 § U.S.C. 621, *et seq.* (Count Two); a claim for illegal disclosure of confidential medical information in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* (Count Three); and a claim for retaliation

(Count Four). (ECF No. 1 ¶¶ 15-28.) On June 3, 2016, Handle filed a Motion for Default Judgment (ECF No. 4), and on June 5, 2016, she filed a Request for Default (ECF No. 5). The Clerk entered default, but Defendants filed the Answer (ECF No. 8) and the entry of default was vacated (ECF No. 15). Defendants filed a Motion for Leave to File an Amended Answer (ECF No. 18), which the Honorable Tonianne J. Bongiovanni, U.S.M.J. granted (ECF No. 49.) Defendants then filed this Motion. (ECF No. 21.)

## II. LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6)." *Newton*, 2012 WL 3715947, at *2; *see also Muhammad v. Sarkos*, 2014 WL 4418059 (D.N.J. Sept. 8, 2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.") (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 2014 WL 3765715, at *2 (3d Cir. Aug. 1, 2014)).

"In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings" and must "view[] the complaint 'in the light most favorable to the plaintiff' . . . [to determine whether] 'there is no material issue of fact to resolve, and [the moving party] is entitled to judgment

---

[2] Defendants filed the Motion pursuant to Rule 12(c), or alternatively, pursuant to Rule 56. As the Court finds the Motion can be decided pursuant to Rule 12(c), it need not review the Rule 56 summary judgment standard.

5

in its favor as a matter of law.'" *Mele*, 359 F.3d at 257 (quoting *Leamer v. Fauver*, 288 F.3d 532, 534 (3d Cir. 2002)); *see also Phillips*, 515 at 228 (3d Cir. 2008) (noting that, pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]").

## III. DECISION

Defendants argue they entitled to judgment on the pleadings on two grounds. First, they argue Handle's claims are untimely as to Issues 1 and 3 through 12 of the twelve issues USPS accepted for investigation, because Handle did not file her Complaint within ninety (90) days of the EEOC OFO's June 10, 2015 Final Agency Decision. (Defs.' Br. in Supp. of the Mot. for J. on the Pleadings (ECF No. 21-1) at 31.) Second, they argue Handle failed to exhaust her administrative remedies as to Issue 2, because she filed the Complaint earlier than 180 days from when she filed her September 17, 2015 appeal of the June 10, 2015 Final Agency Decision.[3] (*Id.* at 33.) The Court considers each argument in turn.

### A. The Timeliness of the Lawsuit as to Issues 1 and 3 through 12

The June 10, 2015 Final Agency Decision instructed Handle she had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the day that [she] receive[d] th[e] decision on . . . that portion of [her] complaint which the [EEOC OFO] ha[d] affirmed." (Corrigan Decl., Ex. M at 7.) The EEOC OFO's provision of ninety days to appeal the affirmed issues followed 29 C.F.R. § 1614.407(c), which states "[a] complainant who

---

[3] The parties agree Handle's claims for sex discrimination in violation of Title VII (Count One), age discrimination in violation of the ADEA (Count Two), and retaliation (Count Four) correspond to Issues 1 and 3 through 12 of her administrative claims. (ECF No. 21-1 at 18-19; ECF No. 39 at 17.) Handle's claim of illegal disclosure of confidential medical information in violation of the ADA and the Rehabilitation Act (Count Three) corresponds to Issue 2 of her administrative claims. (*See* ECF No. 1 ¶¶ 21-25.)

has filed an individual complaint . . . is authorized under [T]itle VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision." Therefore, Handle would have had to assert her claims associated with Issues 1 and 3 through 12 (Counts One, Two, and Four) by September 8, 2015. She filed the Complaint on November 13, 2015. (ECF No. 1.)

Handle argues the ninety-day filing requirement of 29 C.F.R. § 1614.407(c) "is akin to a statute of limitations and, therefore, subject to equitable defenses, such as waiver." (ECF No. 39 at 18 (citing *Communs. Workers of Am., Local 1033 v. N.J. Dep't of Pers.*, 282 F.3d 213, 216-17 (3d Cir. 2002)).) She concedes she did not file within the appropriate time period but contends Defendants waived the affirmative defense concerning the untimely filing of the Complaint, because they did not assert the defense in their original Answer. (*Id.* at 19-20 (citing *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991)).) Handle maintains she would be unduly prejudiced if Defendants were allowed to rely on a defense they were aware of at the outset of the litigation but failed to plead. (*Id.* at 20.)

The Court finds Defendants did not waive their asserted defense, and Handle's Complaint is therefore untimely as to Counts One, Two, and Four. "Failure to raise an affirmative defense by responsive pleading or by appropriate motion . . . does not always result in waiver" of the defense. *Charpentier*, 937 F.2d at 863. The Third Circuit has recognized a party's right to amend its pleading "at any time by leave of court to include an affirmative defense." *Id.* at 863-64. Here, Judge Bongiovanni granted Defendants' Motion to Amend. (ECF Nos. 48 & 49.) Judge Bongiovanni found Handle would not be prejudiced if Defendants amended their Answer to assert an affirmative defense based on Handle's untimely filing. (ECF No. 48 at 7-8.)

The Court finds Counts One, Two, and Four, which were based on Issues 1 and 3 through 12 of Handle's administrative claims, were untimely filed. Therefore, Defendants' Motion for Judgment on the Pleadings as to Counts One, Two, and Four is **GRANTED**.

### B.   Whether Handle Exhausted her Administrative Remedies as to Issue 2

"[A] federal employee seeking redress for unlawful workplace discrimination and/or retaliation must first exhaust administrative remedies against the federal employer prior to filing suit in federal court." *Marley v. Donahue*, 133 F. Supp. 3d 706, 715 (D.N.J. 2015) (citing *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007)). The exhaustion of administrative remedies requirement applies to claims asserted pursuant to Title VII, the ADEA, and the Rehabilitation Act. *Slingland v. Donahoe*, 542 F. App'x 189, 193 (3d Cir. 2013) (holding Title VII and ADEA claims require administrative exhaustion); *Wilson*, 475 F.3d at 173 (finding Rehabilitation Act claims require exhaustion). "[A] federal employee's claims under Title VII, the R[ehabilitation] A[ct], and the ADEA must be, and routinely are, dismissed if the employee fails to properly exhaust." *Marley*, 133 F. Supp. 3d at 716 (citations omitted).

The June 10, 2015 Final Agency Decision instructed Handle, in the event she chose to appeal the decision she could file a lawsuit in this Court 180 days after the date she filed the appeal. (Corrigan Decl., Ex. M. at 7.) Pursuant to 29 C.F.R. § 1614.407(d), "[a] complainant who has filed an individual complaint . . . is authorized under [T]itle VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." Handle filed her appeal of the June 10, 2015 Final Agency Decision on September 17, 2015. (Corrigan Decl., Ex. P.) Therefore, Handle could not assert her claims associated with

Issue 2 (Count Three) before March 6, 2016, because a final decision on the appeal was not issued until March 10, 2016. She filed the Complaint on November 13, 2015. (ECF No. 1.)

Handle offers two arguments in opposition to Defendants' argument she failed to exhaust her administrative remedies: (1) she "substantially complied" with the exhaustion of administrative remedies requirement; and (2) any failure to exhaust her administrative remedies is excusable because the process would have been futile. (ECF No. 39 at 8.) Handle supports her contention that she substantially complied with the requirement by relying on Ninth Circuit cases. (*Id.* at 8-9 (citing *Brown v. Potter*, 457 F. App'x 668, 672 n.3 (9th Cir. 2011) (finding a meeting with an EEO counselor would sufficiently exhaust administrative remedies in the context of a Rehabilitation Act claim); *Sommatino v. U.S.*, 255 F.3d 704, 708 (2001) (finding substantial compliance with the administrative exhaustion requirement is sufficient in a Title VII claim)).)

The Court finds Handle's substantial compliance argument is unconvincing. The Third Circuit has affirmed the district court's dismissal of Title VII claims because the plaintiffs filed the complaint fewer than 180 days from their EEOC appeal. *Wadha v. Sec'y Dep't of Veterans Affairs*, 396 F. App'x 881, 885 n.5 (3d Cir. 2010) (citing 29 C.F.R. § 1614.407(d)). The cases upon which Handle relies are not binding on this Court. Prior decisions of this Court and of the Third Circuit require dismissal when a plaintiff does not exhaust all administrative remedies. *See Marley*, 133 F. Supp. 3d at 716 (finding "a federal employee's claims under Title VII, the R[ehabilitation] A[ct], and the ADEA must be, and routinely are, dismissed if the employee fails to properly exhaust").

Handle also argues exhaustion of her administrative remedies would have been futile. (ECF No. 39 at 11.) Handle contends a plaintiff need not exhaust her administrative remedies when the factual record is developed and only issues of law remain for the court to resolve. (ECF No. 39 at

9

11-12 (citing *W.B. v. Matula*, 67 F.3d 484, 496 (3d Cir. 1995); *Lester H. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990); *Ezratty v. Puerto Rico*, 648 F.2d 770, 774 (1st Cir. 1981)).) Handle maintains the only issue remaining regarding the disclosure of her confidential medical information is the quantum of damages. The EEOC OFO found USPS disclosed Handle's confidential medical information in violation of the ADA. (Corrigan Decl., Ex. M at 4.) USPS then issued the August 19, 2014 Final Agency Decision in which Handle was awarded $1000.00 in non-pecuniary compensatory damages. (*Id.*, Ex. O at 5.) Handle argues there would have been no further purpose served by continuing with the administrative process. (ECF No. 39 at 13.)

The Court is not persuaded. A plaintiff seeking "to invoke the futility exception to exhaustion . . . must 'provide a clear and positive showing' of futility before the District Court." *Wilson*, 475 F.3d at 175 (quoting *D'Amico v. CBS Corp.*, 197 F.3d 287, 293 (3d Cir. 2002)). The Court finds Handle has not met that burden. Handle's Complaint is silent as to her appeal and whether exhausting her administrative remedies would have been futile. Further, a plaintiff's "opinion that partaking of the available process would not have resulted in a favorable outcome does not excuse procedural non-compliance." *Fromm v. MVM, Inc.*, 371 F. App'x 263, 268 (3d Cir. 2010).

Therefore, Defendants' Motion for Judgement on the Pleadings on Count Three is **GRANTED**.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 21) is **GRANTED**. Counts One, Two and Four are **DISMISSED WITH PREJUDICE**, and Count Three is **DISMISSED WITHOUT PREJUDICE**.

Date: April 30, 2018                                        */s/ Brian R. Martinotti*
                                                           **HON. BRIAN R. MARTINOTTI**
                                                           **UNITED STATES DISTRICT JUDGE**