UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VICTORIA HANDLE,<br><br>    Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN and UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Civil Action No. 3:15-cv-8071-BRM-TJB<br><br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is a Motion to Dismiss filed by Defendants Megan J. Brennan and United States Postal Service ("Defendants") seeking to dismiss Count Three of Plaintiff Victoria Handle's ("Plaintiff" or "Handle") First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 56.) Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 61.) On November 7, 2018, this Court heard oral argument on Defendants' Motion to Dismiss. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

  I.  **PROCEDURAL AND FACTUAL BACKGROUND**

  **A. Factual Background**

  For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. Handle asserts age and gender discrimination claims arising from her employment with USPS, where she has worked since April 14, 1984. (Compl. (ECF No. 1).) Handle worked as

a supervisor of distribution operations at a USPS facility in Eatontown, New Jersey from 1984 until 2012. (*Id.* ¶ 3.) Some time in 2010 or 2011, Mary Ducey ("Ducey") became Handle's supervisor and allegedly began discriminating against Handle due to her gender. (*Id.* ¶ 4.) For example, Handle claims USPS needed to reassign one of the five supervisors at the Eatontown facility to a facility in Trenton, and Ducey told Handle she would have to be transferred because she was the only female among the five supervisors, despite being the most senior of the supervisors. (*Id.* ¶ 5-6.) Handle was "upset" when she learned of the transfer and Ducey falsely reported to the Postal Police that Handle was suicidal and a threat to herself and others. (*Id.* ¶ 7.) Handle was required to leave work and spent several hours in the hospital due to Ducey's report. (*Id.*) Ducey told other USPS employees Handle had been hospitalized and had suffered a nervous breakdown, and disclosed Handle's confidential medical information to them. (*Id.* ¶ 9.)

On September 26, 2012, Handle was transferred to the Trenton facility, where she claims she experienced pain and suffering as a result. (*Id.* ¶ 10.) Handle's vacation schedule was changed over her protests, and a less experienced male employee received the schedule she had requested. (*Id.*) Her new supervisor, Yvette Jackson, harassed her by issuing baseless reprimands and warning letters. (*Id.* ¶¶ 10-11.) Handle contends Jackson harassed her because she is a woman, is over the age of forty, and had filed an EEO Complaint. (*Id.* ¶ 12.)

### B. Administrative Proceedings

On August 21, 2012, Handle filed an Information for Pre-Complaint Counseling. (Decl. of David F. Corrigan, Esq. in Opp'n to Ds.' Mot. for J. on the Pleadings ("Corrigan Decl.") (ECF Nos. 39-2 and 41-1), Ex. A.)[1] On November 6, 2012, USPS issued a Notice of Right to File, which

---

[1] Exhibits D, E, F, G, Q, R, and S of the Corrigan Declaration are filed under ECF No. 39-2, and Exhibits A, B, C, H, I, J, K, L, M, N, O, and P are filed under ECF No. 41-1. For consistency, the Court cites to the "Corrigan Decl." without reference to the corresponding electronic filing

informed Handle that she had the right to file a formal complaint. (*Id.*, Ex. B.) On December 18, 2012, Handle filed her formal EEO Complaint of Discrimination, which she later amended three times. (*Id.*, Exs. C, E, F, & G.) USPS accepted twelve issues for investigation. (*Id.*, Exs. E, F, and G.) The twelve issues accepted for investigation were: (1) Handle's selection for transfer from the Eatontown facility; (2) Ducey's report of Handle to the police, which led to Handle's hospitalization, and disclosure of Handle's medical information to other employees; (3) Handle's placement on Emergency Placement status; (4) management's refusal to reinstate Handle when she was cleared to return to work; (5) management's public embarrassment of Handle on two separate instances; (6) denial of Handle's requests for leave on Mother's Day and Easter; (7) management subjecting Handle to four pre-disciplinary interviews; (8) Handle was not granted interviews for positions to which she applied; and (9)-(12) Handle was issued four separate warning letters for delays of mail. (*Id.*, Ex. G.)

On November 6, 2013, USPS issued a Final Agency Decision, which rejected all of Handle's claims of discrimination, retaliation, and disclosure of confidential medical information. (*Id.*, Ex. K.) On November 15, 2013, Handle appealed the Final Agency Decision to the Equal Employment Opportunity Commission Office of Federal Operations ("EEOC OFO"). (*Id.*, Ex. L.) On June 10, 2015, the EEOC OFO issued a decision affirming the Final Agency Decision in part and reversing in part. (*Id.*, Ex. M.) Specifically, the EEOC OFO reversed the Final Agency Decision on the second issue—the disclosure of Handle's medical information—and remanded the case to USPS. (*Id.*) On August 19, 2015, USPS issued a second Final Agency Decision in which it awarded Handle $1,000.00 in non-pecuniary compensatory damages for the disclosure of her medical information. (*Id.*, Ex. O.) On September 17, 2015, Handle appealed the second Final

---

document number.

Agency Decision, and on March 10, 2016, the EEOC OFO dismissed her appeal. (*Id.*, Exs. P & Q.)

### C. Proceedings in this Lawsuit

On November 13, 2015, Handle filed her initial complaint, asserting: (1) a claim for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E, *et seq.* (Count One); (2) a claim for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.* (Count Two); (3) a claim for illegal disclosure of confidential medical information in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* (Count Three); and (4) a claim for retaliation (Count Four). (ECF No. 1, ¶¶ 15-28.)

On April 21, 2017, Defendants filed a Motion for Judgment on the Pleadings, or in the alternative, seeking summary judgment. (ECF No. 21.) On June 5, 2017, Handle filed an Opposition to Defendant's Motion. (ECF No. 39.) On April 30, 2018, this Court issued an Opinion and Order dismissing Counts One, Two, and Four with prejudice, and dismissing Count Three without prejudice. (ECF Nos. 53 & 54.) Specifically, this Court found that Handle failed to exhaust all remedies available to her, and alternatively failed to adequately plead that exhausting such remedies would be futile. (ECF No, 53 at 8-10.) This Court provided Handle thirty days in which to file an Amended Complaint with respect to Count Three. (ECF No. 54.)

On May 30, 2018, Handle filed an Amended Complaint, specifically adding allegations in Paragraphs 26-35. (ECF No. 55.) On June 13, 2018, Defendants filed a Motion to Dismiss Handle's Amended Complaint. (ECF No. 56.) On August 6, 2018, Handle filed an Opposition to Defendants' Motion to Dismiss (ECF No. 61) and on August 13, 2018, Defendants filed a Reply Brief in response to Handle's Opposition. (ECF No. 62).

## II. LEGAL STANDARDS

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint .'" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### III. DECISION

#### A. Exhaustion of Administrative Remedies

"[A] federal employee seeking redress for unlawful workplace discrimination and/or retaliation must first exhaust administrative remedies against the federal employer prior to filing suit in federal court." *Marley v. Donahue*, 133 F. Supp. 3d 706, 715 (D.N.J. 2015) (citing *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007)). The exhaustion of administrative remedies

requirement applies to claims asserted pursuant to Title VII, the ADEA, and the Rehabilitation Act. *Slingland v. Donahue*, 542 F. App'x 189, 193 (3d Cir. 2013) (holding Title VII and ADEA claims require administrative exhaustion); *Wilson*, 475 F.3d at 173 (holding that Rehabilitation Act claims require exhaustion). In general, the process includes: (1) making contact with an EEO counselor within forty-five days of the alleged discriminatory action; (2) filing a formal complaint with the EEOC within fifteen days from receipt of the agency's final decision; and then (3) appealing the agency's final decision to the EEOC or filing a civil action in federal district court within ninety days of the agency's decision. *Marley*, 133 F. Supp. at 715, n.16 (citing 29 C.F.R. §§ 1614.105-1614.109, 1614.401, 1614.407(a); *see also Green v. Postmaster Gen.*, 437 F. App'x 174, 177-78 (3d Cir. 2011).

On August 19, 2015, the USPS issued a second Final Agency Decision in which it awarded Handle $1,000.00 in non-pecuniary compensatory damages for the disclosure of her medical information. (ECF No. 55 ¶ 30.) As part of the decision, the USPS notified Handle as follows:

> This decision affirms the Agency's final decision/action in part, but it also requires the Agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision on both that portion of your complaint which the commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action after one hundred and eight (180) calendar days of the date you filed your complaint with the Agency, or your appeal with the Commission, until such time as the Agency issues its final decision on your complaint.

(ECF No. 55 ¶ 31.)

In her Amended Complaint, Handle fails to mention that she filed an appeal of the August 19, 2015 Final Agency Decision on September 17, 2015. (ECF No. 39-1 ¶ 17; Corrigan Decl., Ex. P.) Pursuant to 29 C.F.R. § 1614.407(d), "[a] complainant who has filed an individual complaint

7

. . . is authorized under [T]itle VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision from the Commission." Therefore, Handle could not assert her Rehabilitation Act claim in United States District Court at any point before March 15, 2016, which was 180 days after the date she filed her appeal, September 17, 2015. Handle filed her complaint on November 13, 2015. (ECF No. 1.) Accordingly, Handle did not exhaust her administrative remedies.

This Court previously found Handle's substantial compliance argument unpersuasive (ECF No. 53 at 9-10), and Handle's Amended Complaint and Opposition Brief provide no additional allegations or authority supporting a finding of substantial compliance. The Third Circuit has affirmed the dismissal of Title VII claims where the plaintiff filed the complaint fewer than 180 days from their EEOC appeal. *Wadha v. Sec'y Dep't of Veterans Affairs*, 396 F. App'x 881, 885 n.5 (3d Cir. 2010) (citing 29 CFR § 1614.407(d)). As such, Handle's failure to exhaust administrative remedies is not excused via the substantial compliance doctrine.

### B. Futility

Handle argues that it would have been futile for her to exhaust her administrative remedies given the facts of the case. (ECF No. 61-1 at 9-13.) A plaintiff seeking "to invoke the futility exception to exhaustion . . . must 'provide a clear and positive showing' of futility before the District Court." *Wilson*, 475 F.3d at 175 (quoting *D'Amico v. CBS Corp.*, 197 F.3d 287, 293 (3d Cir. 2002)). In *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002), the Third Circuit provided insight as to the application of the futility doctrine, stating:

> Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3)

> existence of a fixed policy denying benefits; (4) failure of the [agency] to comply with its own internal administrative procedures; and (5) testimony . . . that any administrative appeal was futile.

Handle does not adequately plead futility pursuant to the factors listed in *Harrow*. Additionally, Handle concedes that her first administrative appeal of a Final Agency Decision was successful, thereby undermining any argument that an administrative appeal is necessarily futile. (ECF No. 55 ¶ 29.)

Handle argues that exhausting her administrative remedies was futile as the agency "had repeatedly misrepresented what [she] said," "delayed the proceedings," and lied to her. (ECF No. 61-1 at 11.) On the contrary, Handle's allegations of frustration with the administrative process do not constitute a clear and positive showing that further pursuit of her administrative appeal was futile. Handle's allegations of misrepresentations are erroneous. Although not in her Amended Complaint, Handle contends that she submitted a "detailed statement of damages, to the EEOC-OFO" on July 6, 2015. (*Id.*) However, Handle never submitted these damages to the USPS, therefore, it was not a misrepresentation for the USPS to assert that a damages sheet was never submitted to it. This contention, coupled with her assertion of an unreasonable delay and various other oversights, are Handle's only grounds for arguing futility.

Handle has not adequately pursued administrative relief and did not act reasonably in seeking judicial review. Handle has not pled any allegations of the existence of a fixed policy denying benefits, nor that the USPS or the EEOC failed to comply with its own internal administrative procedures. Finally, Handle also failed to point to any testimony or statements indicating that an administrative appeal was futile. Accordingly, Handle has not proven futility and, as such, her Amended Complaint is dismissed for failure to exhaust the administrative

remedies available to her.[2]

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE** as Plaintiff cannot amend the Amended Complaint to state a cause of action.

Date: January 11, 2019                             */s/ Brian R. Martinotti*
                                                          HON. BRIAN R. MARTINOTTI
                                                          UNITED STATES DISTRICT JUDGE

---

[2] In her Opposition, Handle further argues that Defendants waived their right to raise the affirmative defense of failure to exhaust administrative remedies. (ECF No 61-1 at 5-9.) Handle previously raised this argument in her Opposition to Defendants' First Motion to Dismiss (ECF No. 39 at 17-21.) In its April 30, 2018 Opinion, this Court determined that Defendants did not waive their affirmative defense of failure to exhaust administrative remedies. (ECF No. 53 at 6-8.) As such, this issue need not be analyzed herein.